**STARK & STARK, P.C.**
993 Lenox Drive, Building Two
Lawrenceville, New Jersey 08648
609-896-9060
Martin P. Schrama, Esq. (039581997)
Kevin M. Hart, Esq. (017701978)
Stefanie Colella-Walsh, Esq. (012602007)
Email: mps@stark-stark.com
          kmh@stark-stark.com
          scw@stark-stark.com

**GUCCIARDO LAW GROUP, P.A.**
8470 Enterprise Circle, Suite 101
Lakewood Ranch, FL 34202
941-361-1574
Bradford M. Gucciardo, Esq. (awaiting *pro hac vice* application)
Email: bgucciardo@guccilawfl.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SARAH A. BULUT,<br><br>Plaintiff,<br><br>          vs.<br><br>JPMORGAN CHASE BANK, N.A., VISA, INC. and VISA USA, INC.,<br><br>Defendants. | **Document Electronically Filed**<br><br>Civil Action No.:<br><br>**COMPLAINT AND DEMAND**<br>**FOR JURY TRIAL** |

**PARTIES**

1.      Plaintiff, Sarah A. Bulut ("Plaintiff"), who resides at 38 Ward Street, Clifton, New Jersey 07011, is a citizen of the State of New Jersey.

2.      Defendant, JPMorgan Chase Bank, N.A. ("JPMC"), is a national banking association that, upon information and belief, is organized under the laws of the State of

Delaware and headquartered in the State of Ohio. JPMC is not a citizen of the State of New Jersey.

3.        Defendants, Visa, Inc., and Visa USA, Inc. (collectively, "Visa"), are operators of a nationwide retail electronic payments network and, upon information and belief, are both organized under the laws of the State of Delaware and headquartered in the State of California. Visa are not citizens of the State of New Jersey.

## JURSIDICTION AND VENUE

4.        This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The amount in controversy exceeds $75,000.00, exclusive of interest and costs. There is complete diversity of citizenship between Plaintiff and Defendants, as set forth above.

5.        This Court has personal jurisdiction over JPMC and Visa, each of which: 1) purposefully directed its activities towards the State of New Jersey; 2) enjoys the benefits and protections of the laws of the State of New Jersey; 3) is licensed to conduct business in the State of New Jersey; and 4) systematically and continuously conducts business in the State of New Jersey.

6.        Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391, because JPMC and Visa are subject to personal jurisdiction here and regularly conduct business in this District. In addition, a substantial part of the events or omissions giving rise to the claims asserted herein occurred, and continue to occur, in this District.

## FACTS COMMON TO ALL COUNTS

7.        Plaintiff is the holder of a Chase Sapphire Credit Card. JPMC and Visa authorized and issued that credit card to Plaintiff pursuant to a cardholder agreement. That cardholder agreement covenants that JPMC and Visa will act in good faith and deal fairly with Plaintiff, including processing, investigating and making determinations on Plaintiff's charges and disputes. That cardholder agreement also specifically states that Plaintiff's card cannot be used for "illegal purposes, such as Internet gambling." See Exhibit A.

8.        Pursuant to any JPMC Visa credit card transaction, once the cardholder presents a credit card to pay for goods or services, the transaction information is transmitted to the Visa network. Visa then relays the information to JPMC, which also reviews and approves the transaction. Cardholders can dispute credit card transactions for various reasons (including fraud) through a demand for a "chargeback," which rightly places the burden for payment on the merchant or the issuer.

9.        "Binary options" can be a form of investment also known as "all-or-nothing options." Binary options are mostly sold through internet-based offshore trading platforms that are not subject to U.S. regulatory oversight. However, most binary option transactions are, in

fact, nothing more than illegal internet scams - part of a $10 billion-a-year fraud with purported ties to organized crime.[1]

10.     Rumelia Capital is one such illegal and fraudulent internet-based offshore binary option scam and has been widely known in the financial industry as such for several years.[2] Plaintiff is the victim of fraud perpetrated upon her and many other JPMC and Visa customers by Rumelia Capital, Greymountain Management, Ltd., and affiliated fraudulent entities (collectively, "Rumelia Capital"). Rumelia Capital illegally and fraudulently submitted to JPMC and Visa unauthorized charges on Plaintiff's Chase Sapphire Credit Card account through various third-party companies, including FOREX OPTIONS, GMMMRTN, GMMSTCP, and GMMEDGFIN. Those charges were submitted between October 4, 2016, and February 2, 2017, and have resulted in Plaintiff losing at least $94,447.00. Plaintiff obviously did not, and could not, authorize such illegal and fraudulent charges.

11.     It was clear to JPMC, Visa and those in their industry, before the charges in question, that illegal internet-based offshore binary option scams were soliciting unsuspecting cardholders. The practice had already been outlawed in numerous countries and major credit card companies were targeting and cracking down on the practice. Though they had profited from such charges, JPMC, Visa and others in their industry had internally determined that these practices had the potential to be a brand damaging activity, such as online gambling, the sale of herbal products and the sale of ivory.[3]

12.     It was also clear to JPMC and Visa that the charges on Plaintiff's account were emanating from foreign countries where these illegal internet-based offshore binary option scams were based, and placed under names that JPMC and Visa did recognize, or should have recognized, as sham binary option companies.

13.     Plaintiff complained many times to JPMC and Visa about this fraud and diligently sought a proper chargeback. JPMC and Visa refused and continue to hold Plaintiff liable for the illegal and fraudulent charges, even though JPMC and Visa have been on actual and constructive notice of the fraud since before Rumelia Capital submitted the charges on Plaintiff's Chase Sapphire Credit Card account.

---

[1] https://www.sec.gov/oiea/investor-alerts-bulletins/ia_binaryoptions.html
https://www.cftc.gov/ConsumerProtection/FraudAwarenessPrevention/CFTCFraudAdvisories/fraudadv_binaryoptions.html
http://www.finra.org/investors/alerts/binary-options
https://www.huffingtonpost.com/entry/what-legal-recourse-do-you-have-as-a-victim-of-binary_us_59ac28cae4b0d0c16bb525f4

[2] https://www.sos.mo.gov/CMSImages/Securities/AP-17-29.pdf

[3] https://www.timesofisrael.com/the-wolves-of-tel-aviv-israels-vast-amoral-binary-options-scam-exposed/
https://www.fairforexbrokers.com/blog/2016/09/27/stricter-visa-regulations-binary-options-us-canada/
https://www.fairforexbrokers.com/blog/2016/11/23/mastercard-limiting-access-binary-options-depositing-canada/
https://www.financemagnates.com/binary-options/regulation/exclusive-mastercard-determined-to-cut-binary-options-deposits-from-canada/
https://www.fairforexbrokers.com/blog/2016/11/23/mastercard-limiting-access-binary-options-depositing-canada/
https://www.financemagnates.com/binary-options/regulation/exclusive-mastercard-determined-to-cut-binary-options-deposits-from-canada/

14.     For example, in or around May and June 2017, Plaintiff filed formal disputes of the illegal charges with JPMC and Visa. Thereafter, Plaintiff had several telephone conversations with JPMC and Visa representatives and agents, including calls on June 6, 12, and 30, 2017; and July 3, 2017.

15.     Plaintiff also received numerous written responses from JPMC and Visa, including letters dated July 10, 2017; August 1, 4, 15 and 31, 2017; and December 20, 2017.

16.     During all of the aforementioned verbal and written communications, as well as other communications,  JPMC and Visa, through its agents, employees and representatives:

    a.   at all times, falsely misrepresented and knowingly omitted their knowledge of the details of the fraudulent and illegal activities being conducted by Rumelia Capital and similar illegal internet-based offshore binary option scams;

    b.   at all times, falsely misrepresented that the fraudulent and illegal charges on Plaintiff's account were legal, valid and enforceable;

    c.   at all times, falsely misrepresented that Plaintiff was liable for the fraudulent and illegal charges, even though JPMC and Visa have been on actual and constructive notice of the fraud and illegality since well before Rumelia Capital submitted the charges on Plaintiff's Chase Sapphire Credit Card account;

    d.   at all times, sought to profit through those misrepresentations and knowing omissions; and

    e.   at all times, did so with the intent that Plaintiff believe and rely upon those misrepresentations and knowing omissions to Plaintiff's detriment.

*See* Exhibit B.

17.     As JPMC and Visa have been well aware for several years, Rumelia Capital has illegally defrauded many U.S. customers through unauthorized credit card charges that JPMC and Visa processed and approved. Indeed, this forced JPMC and Visa to finally cease accepting credit card transactions submitted by Rumelia Capital and similar illegal internet-based binary option scams.

18.     Notwithstanding their knowledge that Rumelia Capital and its related internet-based offshore binary option entities were merely illegal and fraudulent scams, and knowledge that the charges on Plaintiff's Chase Sapphire Credit Card were clearly illegal and fraudulent, JPMC and Visa authorized and processed those illegal and fraudulent charges for the improper benefit of JPMC and Visa, and to the detriment of Plaintiff.

4832-8706-5446, v. 1

# CLAIMS

## COUNT I
### (New Jersey Consumer Fraud Act)

19.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

20.     At all times herein, Plaintiff was a consumer within the meaning of the New Jersey Consumer Fraud Act N.J.S.A. 56:8-1 et seq. ("NJCFA") and the holder of a Chase Sapphire Credit Card. JPMC and Visa authorized and issued that credit card to Plaintiff pursuant to a cardholder agreement.

21.     At all times herein, JPMC and Visa engaged in the advertisement, offer for sale and/or sale of merchandise within the meaning of the NJCFA.

22.     The NJCFA specifically prohibits, inter alia:

The act, use or employment by an person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . .

23.     Plaintiff is the victim of fraud perpetrated upon her and many other JPMC Visa credit card customers by Rumelia Capital and similar illegal internet-based offshore binary option scams.

24.     At all times herein, JPMC and Visa were fully aware of the fact that Rumelia Capital and similar internet-based offshore binary option scams were illegal and fraudulent.

25.     The illegal and fraudulent charges on Plaintiff's credit card were submitted to JPMC and Visa, who knowingly and improperly reviewed, authorized, approved and facilitated those illegal charges and transactions.

26.     Plaintiff disputed the illegal and fraudulent credit card transactions, but JPMC and Visa continue to hold Plaintiff liable for the illegal and fraudulent charges.

27.     Notwithstanding their knowledge that Rumelia Capital and its related internet-based offshore binary option entities were merely illegal and fraudulent scams, and knowledge that the charges on Plaintiff's Chase Sapphire Credit Card were clearly illegal and fraudulent, JPMC and Visa authorized and processed those illegal and fraudulent charges for the improper benefit of JPMC and Visa and to the detriment of Plaintiff.

28.     In so doing, JPMC and Visa made numerous verbal and written affirmative misrepresentations, and knowing omissions, contrary to their contractual, statutory and common law obligations to Plaintiff.

29.     JPMC and Visa failed to truthfully convey their knowledge to Plaintiff that Rumelia Capital and its related internet-based offshore binary option entities were merely illegal and fraudulent scams.

30.     JPMC and Visa purposefully misrepresented and failed to truthfully convey their knowledge to Plaintiff that JPMC and Visa knowingly and improperly reviewed, authorized, approved and facilitated the illegal and fraudulent charges on Plaintiff's Chase Sapphire Credit Card and transactions.

31.     JPMC and Visa unlawfully maintained and explicitly conveyed to Plaintiff their unconscionable and deceptive position that that the charges on Plaintiff's Chase Sapphire Credit Card were proper, legal and not fraudulent.

32.     JPMC and Visa unlawfully maintained and explicitly conveyed to Plaintiff their unconscionable and deceptive position that Plaintiff was not entitled to a chargeback on the illegal and fraudulent charges on Plaintiff's Chase Sapphire Credit Card.

33.     In so doing, JPMC and Visa engaged in unlawful and unconscionable commercial practices and the conduct of JPMC and Visa was unfair and deceptive.

34.     As a direct and proximate result of the unlawful conduct, actions and inactions of JPMC and Visa, Plaintiff suffered ascertainable losses and other damages.

35.     JPMC and Visa have acted wrongfully and maliciously and Plaintiff has been, and continues to be, injured thereby.

## COUNT II
### (Consumer Contract Containing Unlawful Provision)

36.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

37.     Plaintiff is the holder of a Chase Sapphire Credit Card. JPMC and Visa authorized and issued that credit card to Plaintiff pursuant to a cardholder agreement.

38.     Plaintiff is the victim of fraud perpetrated upon her and many other JPMC Visa credit card customers by Rumelia Capital and similar illegal internet-based offshore binary option scams.

39.     At all times herein, JPMC and Visa were fully aware of the fact that Rumelia Capital and similar internet-based offshore binary option scams were illegal and fraudulent.

40.     The illegal and fraudulent charges on Plaintiff's credit card were submitted to JPMC and Visa, who knowingly and improperly reviewed, authorized, approved and facilitated those illegal charges and transactions.

41.     Plaintiff disputed the illegal and fraudulent credit card transactions, but JPMC and Visa continue to hold Plaintiff liable for the illegal and fraudulent charges.

42.     The actions of JPMC and Visa violate the Plaintiff's cardholder agreement, violates Plaintiff's clearly established legal rights, and seeks to enforce a consumer contract containing an unlawful provision.

## COUNT III
### (Common Law Fraud)

43.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

44.     Plaintiff is the holder of a Chase Sapphire Credit Card. JPMC and Visa authorized and issued that credit card to Plaintiff pursuant to a cardholder agreement.

45.     Plaintiff is the victim of fraud perpetrated upon her and many other JPMC Visa credit card customers by Rumelia Capital and similar illegal internet-based offshore binary option scams.

46.     At all times herein, JPMC and Visa were fully aware of the fact that Rumelia Capital and similar internet-based offshore binary option scams were illegal and fraudulent.

47.     The illegal and fraudulent charges on Plaintiff's credit card were submitted to JPMC and Visa, who knowingly and improperly reviewed, authorized, approved and facilitated those illegal charges and transactions.

48.     Plaintiff disputed the illegal and fraudulent credit card transactions, but JPMC and Visa continue to hold Plaintiff liable for the illegal and fraudulent charges.

49.     Notwithstanding their knowledge that Rumelia Capital and its related internet-based offshore binary option entities were merely illegal and fraudulent scams, and knowledge that the charges on Plaintiff's Chase Sapphire Credit Card were clearly illegal and fraudulent, JPMC and Visa authorized and processed those illegal and fraudulent charges for the improper benefit of JPMC and Visa and to the detriment of Plaintiff.

50.     In so doing, JPMC and Visa made numerous verbal and written affirmative misrepresentations, contrary to their contractual, statutory and common law obligations to Plaintiff.

51.     JPMC and Visa made these misrepresentations with knowledge of their falsity and with the intent that Plaintiff would rely on these misrepresentations.

52.     Plaintiff reasonably relied upon these misrepresentations to Plaintiff's detriment.

53.     As a direct and proximate result of the purposeful fraudulent misrepresentations of JPMC and Visa, Plaintiff suffered damages.

## COUNT IV
### (Breach of Contract)

54.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

55.     Plaintiff is the holder of a Chase Sapphire Credit Card. JPMC and Visa authorized and issued that credit card to Plaintiff pursuant to a cardholder agreement.

56.     JPMC and Visa have breached their contract with Plaintiff by knowingly and improperly reviewing, authorizing, approving and facilitating illegal charges and transactions.

57.     JPMC and Visa have breached their contract with Plaintiff by knowingly and improperly denying Plaintiff's entitlement to a chargeback on the illegal and fraudulent charges on Plaintiff's Chase Sapphire Credit Card.

58.     JPMC and Visa have breached their contract with Plaintiff by knowingly and improperly continuing to hold Plaintiff liable for the illegal and fraudulent charges on Plaintiff's Chase Sapphire Credit Card.

59.     JPMC and Visa have breached their contract with Plaintiff by making the above-referenced misrepresentations and knowing omissions.

60.     As a direct and proximate result of these breaches by JPMC and Visa, Plaintiff suffered damages.

## COUNT V
### (Breach of Covenant of Good Faith and Fair Dealing)

61.     Plaintiff repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

62.     JPMC and Visa owe a duty of good faith and fair dealing to Plaintiff pursuant to the numerous express and implied agreements and relationships between the parties.

63.     The above-referenced conduct, actions and inactions of JPMC and Visa constitute breaches of the implied duty of good faith and fair dealing.

64.     As a direct and proximate result of these breaches by JPMC and Visa, Plaintiff suffered damages.

4832-8706-5446, v. 1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial on all claims so triable and judgment against the Defendants jointly and severally:

a. For compensatory damages;
b. For consequential and incidental damages;
c. For punitive damages;
d. For statutory treble damages;
e. For prejudgment and post judgment interest at the maximum rate permitted by applicable law;
f. For all reasonable costs and attorneys' fees; and
g. For such other and further relief as this Court deems just and proper.


_____*s/ Martin P. Schrama*_____
By: Martin P. Schrama, Esq.

**STARK & STARK, P.C.**
993 Lenox Drive, Building Two
Lawrenceville, New Jersey 08648
609-896-9060
Martin P. Schrama, Esq. (039581997)
Kevin M. Hart, Esq. (017701978)
Stefanie Colella-Walsh, Esq. (012602007)
Email: mps@stark-stark.com
       kmh@stark-stark.com
       scw@stark-stark.com

**GUCCIARDO LAW GROUP, P.A.**
Bradford M. Gucciardo, Esq. (awaiting *pro hac vice* application)
8470 Enterprise Circle, Suite 101
Lakewood Ranch, FL 34202
941-361-1574
Bradford M. Gucciardo, Esq.
Email: bgucciardo@guccilawfl.com

*Attorneys for Plaintiff*

9

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial as to all issues and defenses.


_____*s/ Martin P. Schrama*_____
By: Martin P. Schrama, Esq.

**STARK & STARK, P.C.**
993 Lenox Drive, Building Two
Lawrenceville, New Jersey 08648
609-896-9060
Martin P. Schrama, Esq. (039581997)
Kevin M. Hart, Esq. (017701978)
Stefanie Colella-Walsh, Esq. (012602007)
Email: mps@stark-stark.com
         kmh@stark-stark.com
         scw@stark-stark.com

**GUCCIARDO LAW GROUP, P.A.**
Bradford M. Gucciardo, Esq. (awaiting *pro hac vice* application)
8470 Enterprise Circle, Suite 101
Lakewood Ranch, FL 34202
941-361-1574
Bradford M. Gucciardo, Esq.
Email: bgucciardo@guccilawfl.com

*Attorneys for Plaintiff*

4832-8706-5446, v. 1

## <u>LOCAL RULE 11.2 CERTIFICATION</u>

Pursuant to Local Rule 11.2, it is hereby stated that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding to the best of our knowledge and belief.


_____*s/ Martin P. Schrama*_____
By: Martin P. Schrama, Esq.

**STARK & STARK, P.C.**
993 Lenox Drive, Building Two
Lawrenceville, New Jersey 08648
609-896-9060
Martin P. Schrama, Esq. (039581997)
Kevin M. Hart, Esq. (017701978)
Stefanie Colella-Walsh, Esq. (012602007)
Email: mps@stark-stark.com
       kmh@stark-stark.com
       scw@stark-stark.com

**GUCCIARDO LAW GROUP, P.A.**
Bradford M. Gucciardo, Esq. (awaiting *pro hac vice* application)
8470 Enterprise Circle, Suite 101
Lakewood Ranch, FL 34202
941-361-1574
Bradford M. Gucciardo, Esq.
Email: bgucciardo@guccilawfl.com

*Attorneys for Plaintiff*

Dated:  May 16, 2018