**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SARAH A. BULUT,

    *Plaintiff*,

v.

JP MORGAN CHASE BANK, N.A., et al.,

    *Defendants*.

Civil Action No. 18-9303

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Presently before the Court is *pro se* Plaintiff Sarah A. Bulut's motion to reopen the case. D.E. 60. Defendant JPMorgan Chase Bank N.A. filed a brief in opposition, D.E. 61, to which Plaintiff replied, D.E. 62.[1]  The Court reviewed the parties' submissions and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Plaintiff's motion is **DENIED**.

    I.    **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

    This case concerns allegedly fraudulent purchases that Plaintiff made with her Visa-brand credit card that was issued by Defendant. Plaintiff, unfortunately, fell victim to a financial scam and lost a substantial amount of money. Plaintiff now seeks to hold Defendants liable because they processed Plaintiff's credit card transactions related to the scam and did not flag any of the transactions as potentially fraudulent. Defendants also refused to refund Plaintiff the money she lost through the scheme. D.E. 53.

---

[1] Plaintiff's moving brief, D.E. 60, is referred to as "Plf. Br."; Defendant's opposition brief, D.E. 61, as "Def. Opp."; and Plaintiff's reply, D.E. 62, as "Plf. Reply."

Plaintiff filed her initial Complaint on May 16, 2018, asserting claims for a violation of the New Jersey Consumer Fraud Act and breach of contract, among other things. D.E. 1. Defendants responded with a motion to dismiss. D.E. 9. On May 1, 2019, the Court dismissed Plaintiff's Complaint for failure to state a claim but granted Plaintiff leave to file an amended complaint. D.E. 20. Plaintiff subsequently filed a letter "clarify[ing] any misunderstanding or misinformation of the facts of [her] case." D.E. 24. In the letter, Plaintiff provided additional factual support and attempts to further explain her claims.[2] Plaintiff filed a second letter July 16, 2019, seeking to further amend her Complaint by providing additional facts and documents. D.E. 34. The Court treated Plaintiff's June 4 and July 16 Letters, together, as the Amended Complaint. Defendant then filed a motion to dismiss the Amended Complaint, D.E. 44, which the Court granted, D.E. 50, 51. The Court again provided Plaintiff leave to file an amended pleading. D.E. 51.

Plaintiff filed the Second Amended Complaint on May 26, 2020. D.E. 53. The same day, Plaintiff filed a letter (the "May 26 Letter") asking that the Court withdraw her case, without prejudice, so she could pursue her claims in a potential class action pending in the Southern District of New York. D.E. 54. On May 29, 2020, the parties entered a stipulation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). D.E. 56. The Court entered the stipulation, and the matter was dismissed without prejudice. D.E. 57.

On December 6, 2021, Plaintiff filed a letter requesting that the case be reopened. D.E. 58. The Court acknowledged its receipt of the letter and directed Plaintiff to file a formal motion that

---

[2] Plaintiff submitted the June 4 Letter *pro se* and stated that her attorneys had "withdrawn their legal representation," leaving Plaintiff to represent herself. D.E. 24 at 1. Per the Court's instructions, Plaintiff's attorneys subsequently filed a motion to withdraw, D.E. 26, which the Court granted on July 25, 2019. D.E. 38. Accordingly, Plaintiff is now proceeding *pro se*.

2

sets forth the legal basis for her request.  D.E. 59.  Plaintiff subsequently filed the instant motion. D.E. 60.

## II. ANALYSIS

Plaintiff frames her motion as one for reconsideration.  *See* Plf. Br. at 16.  In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i).  The rule permits a party to file a motion for reconsideration of an "order or judgment on the original motion by the Judge or Magistrate Judge." L. Civ. R. 7.1(i).  Because the matter was dismissed pursuant a voluntary stipulation between the parties, and not through an order or judgment from this Court, there is no decision for the Court to reconsider.  Accordingly, the Court will not apply the motion for reconsideration standard.

Defendant maintains that Federal Rule of Civil Procedure 60(b) applies to Plaintiff's motion.  Def. Opp. at 9-10.  Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b).  The rule "allows a party to seek relief from a final judgment and request the reopening of his case, under a limited set of circumstances including fraud, mistake, newly discovered evidence, or any reason justifying relief." *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005).  But a voluntary dismissal without prejudice is not a final judgment.  It "effectively erases the dismissed action and permits the initiation of a second action, but it is neither final nor appealable." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (4th ed. 2008); *see also S.B. v. KinderCare Learning Ctrs., LLC*, 815 F.3d 150, 152 (3d Cir. 2016) ("Typically, a dismissal without prejudice is not a final decision because the plaintiff may refile the complaint."); *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004) (explaining that for purposes of Rule 60(b), a final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").  Without a final judgment,

order or proceeding, Rule 60(b) is also inapplicable on its face. Because this matter was voluntarily dismissed by the parties pursuant to Rule 41(a), "the proper procedure is to require [Plaintiff] to file a new civil action rather than reopen an action that was deemed voluntarily dismissed." *Baxter v. Atl. Care Main Pomona Hosp.*, No. 13-7876, 2015 WL 715012, at *1 (D.N.J. Feb. 19, 2015).

However, Defendant argues, in part, that Plaintiff's motion should not be granted because many of her claims are barred by the statute of limitations. Def. Br. at 13-14. Courts in this Circuit have determined that "a dismissal without prejudice may be appealed under circumstances where the plaintiff's ability to refile is foreclosed," including where the statute of limitations has expired. *S.B.*, 815 F.3d at 153-54. With this in mind, the Court will consider Plaintiff's motion under Rule 60(b) as it appears that Plaintiff may be foreclosed from bringing her claims against Defendant in a new case.

Rule 60(b) authorizes a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b) requires that a party seek relief under subsections (1), (2) and (3) "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The parties filed their voluntary stipulation of dismissal on May 29, 2020. D.E. 56, 57. Consequently, subsections (1), (2), and (3) are unavailable to Plaintiff. And

subsections (4) and (5) are factually inapplicable.  Therefore, Plaintiff can only seek relief under Rule 60(b)(6).

"[T]he Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002) (quoting *In re Fine Paper Antitrust Litig.*, 840 F.2d 188, 194 (3d Cir. 1988)).  Thus, a party moving under Rule 60(b)(6) "must show, absent relief, 'an extreme and unexpected hardship will result.'" *Mitchell v. Fuentes*, 761 F. App'x 109, 111 (3d Cir. 2019) (quoting *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008)).  Moreover, in cases where parties make a "deliberate, strategic choice" that is "not the result of mistake or excusable neglect" to voluntarily dismiss a matter under Rule 41, "it should not be undone via Rule 60(b)." *Thomas v. Ramapo Coll. of N.J.*, No. 10-3898, 2011 WL 3206448, at *3 (D.N.J. July 27, 2011).

Plaintiff's argument largely focuses on the fact that the Court has not yet considered the merits and evidence in this case.  Plaintiff contends that there are numerous issues of fact that need to be resolved and that the failure to consider the merits would amount to manifest injustice.  Plf. Br. at 10-12, 16-17.  But the Court already granted two motions to dismiss in this matter, concluding that Plaintiff failed to state a claim.  D.E. 20, 50.  This undercuts Plaintiff's argument about manifest injustice.  Moreover, Plaintiff made the strategic choice to dismiss this matter and pursue her claims the Southern District of New York.  D.E. 54.  Unfortunately for Plaintiff, her strategic decision did not work out as planned.  *See* Plf. Reply at 5 (explaining that Plaintiff could not afford to proceed with the Southern District of New York litigation).  But this does not change the fact that Plaintiff voluntarily and strategically decided to dismiss the claims in this matter.  Plaintiff cannot now reopen this matter as a back-up plan absent mistake or excusable neglect.

5

And Plaintiff does not argue that the matter should be reopened due to either mistake or neglect. As discussed, Plaintiff's argument is premised on belief that failure to consider the merits of her claim would amount to manifest injustice.[3]

Finally, Plaintiff contends that Defendant was or should have been aware of her plan to reopen this matter, and that her intent is evidenced through the May 26 Letter. Plf. Reply at 4. The May 26 Letter provides as follows:

> I am respectfully requesting my case to be withdrawn without prejudice permitting me to pursue my claims with the benefit of an attorney in a potential class action waiting to be certified, pending in the Southern District of New York. Please note that in this law suit (sic), I will be represented on a contingency basis.
>
> My second amended complaint has been filed. I was able to afford a paralegal to assist me with the Complaint.

D.E. 54. Plaintiff's intent to reopen this case at a later date is not clear from the May 26 Letter. But even if it were, Plaintiff still fails to provide sufficient justification to reopen the matter after entering into the Rule 41(a) voluntary dismissal.

### III. CONCLUSION

Therefore, for the reasons set forth above and for good cause shown,

IT IS on this 25th day of April, 2022

---

[3] The Court notes that "actions by counsel that constitute inexcusable 'gross negligence' can be 'exceptional circumstances' justifying relief under Rule 60(b)(6)." *In re Subramanian*, 245 F. App'x 111, 117 (3d Cir. 2007) (quoting *Boughner v. Sec'y of Health & Welfare*, 572 F.2d 976, 978-79 (3d Cir. 1978)). Although Plaintiff discusses an apparent miscommunication regarding rates with the attorney in the Southern District of New York case, Plf. Reply at 5, Plaintiff does not base the instant motion on this miscommunication. Moreover, with the limited information before the Court, the Court could not conclude that the attorney's conduct amounted to gross negligence.

**ORDERED** that Plaintiff's motion to reopen (D.E. 60) is **DENIED**[4]; and it is further

**ORDERED** that the Clerk's Office is directed to mail a copy of this Opinion & Order to Plaintiff via regular mail and certified mail return receipt.

_____
John Michael Vazquez, U.S.D.J.

---

[4] Plaintiff recently filed two letters on the docket asking the Court to order that Defendant provide information to the Garda National Economic Crime Bureau. Garda is the Irish civilian police force. D.E. 63, 64. Because this case remains closed, the Court cannot provide Plaintiff with her requested relief through this matter.